IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD MITCHELL, JULIA JONES, PHILLIP JONES, & DEMETRIUS JONES </br></br> Plaintiffs, </br></br> vs. </br></br> CITY OF CHICAGO, and JOHN DOE OFFICERS, </br></br> Defendants. | ) ) ) ) ) ) ) JURY DEMANDED ) ) ) ) ) ) |

## COMPLAINT

### Jurisdiction/Venue

1. This incident occurred on or about March 18, 2016 in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the vents giving rise to the claims asserted herein all occurred within the district.

### Parties

4. The Plaintiffs, Ronald Mitchell, Philip Jones, Julia Jones, and Demetrius Jones, live in Chicago, Illinois, located in the Northern District of Illinois.

5. Defendant City of Chicago is a municipal corporation located in the Northern District of Illinois.

6. At all relevant times, John Doe Officers were employed by the Defendant City and were acting under color of law.

7. On March 18, 2016, John Doe Officers, acting without probable cause or lawful justification, utilized a legally insufficient warrant to search the homes of the four Plaintiffs at 7309 King Drive, in Chicago, Illinois, a building with three units.

8. The warrant only specified that the first-floor unit of Demetrius Jones (and not the second-floor unit of Julia and Phillip Jones, or the basement "garden-level" unit of Ronald Mitchell) was to be searched.

9. In addition to the legal insufficiency of the warrant identifying Demetrius Jones' apartment, the John Doe Officers had no probable cause or lawful justification to search the second-floor, or garden-level units at all, as they were not identified in the warrant.

10. The Defendant John Doe Officers violated the Plaintiffs' rights to be free of unreasonable searches.

11. The Plaintiffs bring a *Monell* claims against the City of Chicago, for the above referenced constitutional torts, which were proximately caused by one or more interrelated express and/or *de facto* policies, practices, and/or customs of the Defendant City of Chicago and its police department. Upon information and belief, those torts were committed, pursuant to a *de facto* policy and/or

express policy and/or custom of turning a blind eye, and otherwise condoning police misconduct (including but not limited to the unlawful searches of Chicago residents' homes) encouraging and thereby proximately causing constitutional violations, including the damages and injuries alleged by the Plaintiff in this Complaint; moreover the above described constitutional torts were caused by the Defendant City's failure to train its police officers to operate within the scope of a search warrant in cases involving multi-unit residential buildings.

WHEREFORE, the Plaintiffs demands compensatory damages against the Defendants, as well as the costs of this action, plus attorney's fees, and any and other additional relief as this court deems equitable and just. In addition, the Plaintiff seeks punitive damages against the John Doe Officers.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

s/Adrian Bleifuss Prados

Adrian Bleifuss Prados
DVORAK LAW OFFICES, LLC
900 W. Jackson Suite 5W
Chicago, IL 60607
773-641-4667