IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD MITCHELL, JULIA JONES, PHILLIP JONES, & DEMETRIUS JONES <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, a Municipal Corporation, & Chicago Police Officers ANTHONY BRUNO #12212 DURAND LEE #18858 RICO CARTER #5068 WILLIAM LEPINE #7736 ARMANDO UGARTE #15050 ERIK SHEARER #8214 JOSEPH PAPKE #4904 & BRIAN SCHNIER #1273, <br><br> Defendants. | 18-cv-01630 <br><br> JURY DEMANDED |

## COMPLAINT

The Plaintiffs, by and through their attorneys of DVORAK LAW OFFICES, LLC, hereby complain against the above-captioned Defendants, and state as follows:

### Jurisdiction/Venue

1. This incident occurred/began on or about March 18, 2016 in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided

under 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

**Parties**

4. The Plaintiffs, Ronald Mitchell, Phillip Jones, Julia Jones, and Demetrius Jones, live in Chicago, Illinois, located in the Northern District of Illinois.

5. Defendant City of Chicago is a municipal corporation located in Cook County, Illinois.

6. At all relevant times, Officers A. Bruno #12212, D. Lee #18858, R. Carter #5068, W. Lepine #7736, A. Ugarte #15050, E. Shearer #8214, J. Papke #4904, and, B. Schnier #1273 (hereinafter, the "Defendant Officers") were employed by the Defendant City and were acting under color of law.

7. On March 18, 2016, Defendants, acting without consent, probable cause or lawful justification, utilized legally insufficient warrants to search the homes of the four Plaintiffs at 7309 King Drive, in Chicago, Illinois, a building with three units. The individual defendant officers, including but not limited to Defendant Bruno, the attesting officer for the search warrants, knew that the information presented to the judge to obtain the warrants was false and/or was presented in reckless disregard for the truth.

8. A warrant for the search of Plaintiff Demetrius Jones' apartment

wrongly identified his apartment as the second-floor unit, when in fact Demetrius Jones actually resides in the first-floor unit. A warrant for the search of Plaintiff Phillip Jones' apartment wrongly identified his apartment as the first-floor unit, when in fact Phillip Jones and his mother, Plaintiff Julia Jones, reside on the second floor.

9. No warrant authorized the search of the garden-level (basement) apartment where Plaintiff Mitchell resides.

10. The Defendant Officers searched the garden unit without probable cause, or even the semblance of legal justification, breaking Mr. Mitchell's door, and throwing the contents of his apartment into total disarray.

11. Upon information and belief, Defendant Officer Lee breeched the first-floor apartment, forcing the door open; the other Defendant Officers, named above, followed him to the unit, and thereafter caused damage to property. Similarly, Defendant Officer Lee breeched the second-floor unit, forcing the door open before the other Defendant Officers, named above, followed him to the unit, and thereafter caused damage to property.

12. Upon information and belief Officer Lee also breeched the garden-level unit, as described above, breaking the door, and the other Defendant Officers, named above, followed him into the unit, causing damage to property.

13. Upon information and belief, Defendant Schnier, a sergeant, was present on the scene and supervised the activities of each and every other Defendant Officer, with respect to the incidents described in this complaint.

14. Upon information and belief, Defendant Officers, acting without probable cause, or legal justification, and acting at the direction of Defendant Schnier,

unlawfully seized the persons of Plaintiff Phillip Jones and Plaintiff Demetrius Jones, and detained them against their will, at or about the Third District CPD facility in Grand Crossing, at or about the 7000 block of South Cottage Grove, in Chicago Illinois, throughout the evening of March 18, 2016 and into early Morning of March 19, 2016, before releasing them.

15. The conduct of the Defendant Officers described herein caused the Plaintiffs injuries including emotional pain and suffering, and damage to property.

16. Each and every Plaintiff' brings a claim against each and every Defendant Officer for violating the Plaintiffs' constitutional rights to be free of unreasonable searches.

17. Each and every Plaintiff' brings a claim against each and every Defendant Officer for failing to intervene to prevent his/her fellow Defendant Officers, including but not limited to Defendant Lee, from violating the Plaintiffs' rights to be free of unreasonable searches, despite their opportunity and duty to so intervene.

18. Each and every Plaintiff brings a claim against Defendant Schnier, a sergeant, for his own conduct in causing the unlawful searches described above by directing, instructing, ordering, or otherwise encouraging the activities of the other Defendant Officers who were acting under his direct supervision.

19. Plaintiffs Demetrius Jones and Phillip Jones bring false arrest claims against each and every Defendant Officer for causing their persons to be unlawfully and unreasonably seized, as described above.

20. Plaintiffs Demetrius Jones and Phillip Jones similarly each bring claims

against each and every Defendant Officer for failing to intervene to prevent said unlawful seizures of Plaintiffs Demetrius Jones and Phillip Jones' persons, despite having an opportunity to do so.

21. Plaintiffs Demetrius Jones and Phillip Jones each bring a claim against Defendant Schnier for causing the unlawful seizures of their persons, as described above, though his own conduct in directing, instructing, ordering, or otherwise encouraging the activities of the other Defendant Officers, who were acting under his supervision.

22. Each and every Plaintiff brings a *Monell* claim against the City of Chicago, for the unlawful searches of their homes, which were proximately caused by one or more interrelated express and/or *de facto* policies, practices, and/or customs of the Defendant City of Chicago and its police department. Upon information and belief, those torts were committed, pursuant to a *de facto* policy and/or express policy and/or custom of turning a blind eye, and otherwise condoning police misconduct (including but not limited to the unlawful searches of Chicago residents' homes) encouraging and thereby proximately causing constitutional violations, including the damages and injuries alleged by the Plaintiffs in this Complaint; moreover the above described constitutional torts were caused by the Defendant City's failure to train its police officers to operate within the scope of a search warrant in cases involving multi-unit residential buildings.

23. Plaintiffs Phillips Jones and Demetrius Jones each bring a *Monell* claim against the City of Chicago, for the unlawful seizure of their persons, which were proximately caused by one or more interrelated express and/or *de facto*

policies, practices, and/or customs of the Defendant City of Chicago and its police department. Upon information and belief, those torts were committed, pursuant to a *de facto* policy and/or express policy and/or custom of turning a blind eye, and otherwise condoning police misconduct (including but not limited to the unlawfully and unreasonably detaining targets of unlawfully obtained or otherwise defective search warrants) encouraging and thereby proximately causing constitutional violations, including the damages and injuries alleged by the Plaintiffs in this Complaint;

24. The Plaintiffs all bring Illinois state indemnification claims against the Defendant City of Chicago as, in Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendant City of Chicago is the indemnifying entity for the actions of the individual Defendant Officers described herein, who undertook their actions while under color of law, and in the course and scope of their employment with the Defendant City of Chicago.

WHEREFORE, the Plaintiffs demands compensatory damages against the Defendants, as well as the costs of this action, plus attorney's fees, and any and other additional relief as this court deems equitable and just. In addition, the Plaintiff seeks punitive damages against the individual Defendant Officers

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

s/Adrian Bleifuss Prados

Adrian Bleifuss Prados
DVORAK LAW OFFICES, LLC
900 W. Jackson Suite 5W
Chicago, IL 60607
773-641-4667